IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CR-92-BO-3
NO. 4:11-CV-208-BO

| ROLANDO VEGA PADRON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [DE 212]. The United States filed a Motion to Dismiss on January 10, 2012 [DE 215] and Petitioner responded on February 2, 2012 [DE 220]. The United States' Motion to Dismiss is GRANTED. Petitioner's Motion to Vacate is DISMISSED.

## BACKGROUND

Mr. Padron and other co-conspirators were initially named in a five-count indictment charging various drug offenses. Pursuant to a written plea agreement, Mr. Padron entered a plea of guilty to a one-count superseding criminal information charging conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 18 U.S.C. § 846. On December 15, 2010, Mr. Padron was sentenced to 135 months of imprisonment. Mr. Padron did not appeal his sentence. Mr. Padron then filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 on December 1, 2011. Mr. Padron alleges that he was denied effective assistance of counsel at trial and that the United States breached a plea agreement to a 108 month sentence. Mr. Padron seeks to be resentenced to 108 months of imprisonment.

## DISCUSSION

Mr. Padron's two claims are intertwined, so the Court discusses them together. Because

Mr. Padron's plea agreement does not indicate a government promise to move for a departure and because Mr. Padron was subject to a statutory mandatory minimum sentence, he has failed to allege that the United States breached its plea agreement or that any ineffective assistance of counsel prejudiced him.

Mr. Padron's first claim is for ineffective assistance of counsel. He alleges that trial counsel rendered ineffective assistance by (1) failing to object to the 135 month term of imprisonment imposed at sentencing, (2) failing to inform the court of a plea agreement for 108 months of imprisonment, and (3) failing to perfect or preserve the record on appeal under *Booker*. Claims for ineffective assistance of counsel are governed by the standard announced in *Strickland v. Washington.* 466 U.S. 668 (1984). Under *Strickland*, a petitioner alleging ineffective assistance of counsel must demonstrate (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice can, alone, dispose of the ineffective assistance claim. *Id.* at 697. Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90). In this case, Mr. Padron cannot demonstrate prejudice because his plea agreement and statutory mandatory minimum sentence foreclosed a governmental promise of recommending a sentence of 108 months of imprisonment.

Mr. Padron was subject to a statutory mandatory minimum, which was set forth in the plea

agreement [DE 132 at 4]. Mr. Padron agreed to plead guilty to conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846, a conviction that carries a statutory mandatory minimum of 120 months of imprisonment. He waived his right to appeal any sentence imposed "including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing" [DE 132 at 1]. He also agreed that "any estimate of the sentence received from any source is not a promise" [DE 132 at 4]. Finally, the plea agreement contained a merger clause, noting that "[t]his Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein" [DE 132 at 1].

In order to recommend a sentence below the mandatory minimum, the United States would have had to have filed a motion for departure. Where, as here, the United States notes in the written plea agreement that it "is not promising to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e) or Fed. R. Crim. P. 35," a petitioner generally may not complain about the failure to file such a motion. *United States v. Rush*, 98 F. App'x 942, 943 (4th Cir. May 19, 2004) (unpublished); *see also United States v. Morgan*, 284 F. App'x 79, 85-86 (4th Cir. Jul. 3, 2008) (unpublished). Mr. Padron has not shown that the United States obligated itself to move for a departure in the plea agreement, nor has he shown that the United States' failure so to move "was based on an unconstitutional motive." *See United States v. Farmer*, 382 F. App'x 303, 304 (4th Cir. Jun. 10, 2010) (unpublished) (citing, *inter alia*, *Wade v. United States*, 504 U.S. 181, 185-86 (1992)).

Because the plea agreement Mr. Padron agreed to does not contain a promise by the United States to seek a departure, and because Mr. Padron's plea agreement was found by this

Court to have been voluntarily made, without promises or inducements, the Court finds that the United States did not breach its plea agreement, any alleged ineffective assistance of trial counsel did not prejudice Mr. Padron, and Mr. Padron's motion must be dismissed. *See United States v. Sturdavant*, 213 F.3d 634, at *1 (4th Cir. Apr. 24, 2000) (per curiam); Fed. R. Crim. P. 11(b)(2).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and Respondent is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold

inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss [DE 215] is GRANTED and Mr. Padron's Motion to Vacate [DE 212] is DISMISSED.

SO ORDERED, this the 9 day of April, 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE